**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

          v.

CHARLES CARPER,
          *Defendant-Appellant.*

No. 10-10517

D.C. No.
1:08-cr-00655-
DAE-2

OPINION

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Argued and Submitted
August 1, 2011—Seattle, Washington

Filed October 14, 2011

Before: John T. Noonan and Milan D. Smith, Jr.,
Circuit Judges, and Jeremy D. Fogel,
District Judge.*

Opinion by Judge Noonan

---

*The Honorable Jeremy D. Fogel, District Judge for the U.S. District
Court for Northern California, San Jose, sitting by designation.

---

## COUNSEL

Sheryl Gordon McCloud, Law Offices of Sheryl Gordon McCloud, Seattle, Washington, for the appellant.

Chris A. Thomas, Assistant U.S. Attorney, Honolulu, Hawaii, for the United States.

---

## OPINION

NOONAN, Circuit Judge:

Charles Carper ("Carper") appeals his sentence of three years' imprisonment for unlawfully exporting PVS-14 Gen 3 night-vision devices ("PVS-14 devices"). These devices, designed for military use, enable users to see at greater distances in low light and dark conditions.

We affirm.

### BACKGROUND

Exporting PVS-14 devices without a license is prohibited. The Arms Export Control Act ("AECA"), 22 U.S.C. § 2778, makes criminal the unlicensed export of items on the United States Munitions List, 22 C.F.R. § 121.1. The Munitions List includes "night sighting equipment" such as PVS-14 devices. *See* 22 C.F.R. § 121.1(XII)(c).

Carper exported PVS-14 devices without a license. While he was an enlisted member of the United States Marine Corps, Carper sold a PVS-14 device to a Polish resident and another such device to a Chinese resident. Carper also sold three PVS-14 devices with the understanding and knowledge that the devices were destined for China. Carper did not have a license for the export of any of these devices.

## PROCEEDINGS

The second superseding indictment charged Carper with (1) conspiracy to export merchandise in violation of 18 U.S.C. § 554 and 18 U.S.C. § 371; (2) exporting a defense article without a license, in violation of 22 U.S.C. § 2778; and (3) and (4) two sales of merchandise, prior to exportation, knowing the merchandise was intended for exportation contrary to 22 U.S.C. § 2778, in violation of 18 U.S.C. § 554.

Carper pled guilty to the four counts without the benefit of a plea agreement. At sentencing, the court considered the sentencing factors set out in 18 U.S.C. § 3553(a). The court then granted a variance, going below the Sentencing Guidelines range because of Carper's military service and because there was little to no likelihood of recidivism. (The court did not grant Carper's other variance requests, however.) The sentence imposed was thirty-six months imprisonment and three years supervised release. The court also ordered restitution of $7214 and a $400 special assessment.

Carper timely appealed his sentence.

## ANALYSIS

The main issue on appeal is whether the district court correctly interpreted the Guidelines in calculating Carper's three-year sentence. We review the district court's interpretation of the Guidelines de novo. *United States v. Garcia-Guerrero*, 635 F.3d 435, 438 (9th Cir. 2011).

**[1]** The relevant Guideline, U.S. Sentencing Guidelines Manual § 2M5.2, "Exportation of Arms, Munitions, or Military Equipment or Services Without Required Validated Export License," reads:

"(a) Base Offense Level:

(1) **26**, except as provided in subdivision (2) below;

(2) **14**, if the offense involved only non-fully automatic small arms (rifles, handguns, or shotguns), and the number of weapons did not exceed ten."

**[2]** PVS-14 devices are not "non-fully automatic small arms" within the plain meaning of U.S. Sentencing Guidelines Manual § 2M5.2(a)(2). First, the examples listed — "rifles, handguns, or shotguns" — are instructive as to the meaning of non-fully automatic small arms, and those examples are not similar to PVS-14 devices. *See* U.S. Sentencing Guidelines Manual § 2M5.2(a)(2). Second, the modifier "non-fully automatic" suggests that the relevant arms are firearms, a description which excludes PVS-14 devices. *See generally Webster's Third New International Dictionary* 148 (1986) (defining "automatic," inter alia, as "*of a firearm*"). Consequently, PVS-14 devices do not qualify for the base offense level of fourteen. The district court correctly calculated Carper's sentence using the base offense level of twenty-six for PVS-14 devices.

A second possible issue is whether the district court abused its discretion by not departing from the Guidelines on policy grounds in imposing Carper's sentence. Carper failed to raise this issue before the district court, so we review for plain error. *See United States v. Evans-Martinez*, 611 F.3d 635, 642 (9th Cir. 2010).

**[3]** The district court did not abuse its discretion by following the Guidelines. A district court may vary from the Guide-

lines if it disagrees with them on policy grounds and the Sentencing Commission fails to exercise "its characteristic institutional role" in their development. *Kimbrough v. United States*, 552 U.S. 85, 109-10 (2007). There is, however, no obligation for a district court to do so. *See United States v. Henderson*, No. 09-50544, 2011 WL 1613411, at *8 (9th Cir. Apr. 29, 2011). The district court here gave no indication that it disagreed with U.S. Sentencing Guidelines Manual § 2M5.2. Therefore, Carper was not prejudiced by the court's failure to consider *sua sponte* whether it had discretion to make a downward variance under *Kimbrough*. *See also id.* (noting that a district court commits procedural error when "presented with a *Kimbrough* argument" yet fails to appreciate its discretion).

**[4]** Carper's sentence was substantively reasonable. The district court explained that it had considered the § 3553(a) factors, including § 3553(a)(6). The district court also granted a downward departure in Carper's sentence. In light of these points, we defer to the district court's decision.

For the reasons stated, the judgment and sentence of the district court are AFFIRMED.