**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50338 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00228-ODW-1 |
| v. | |
| ANTHONY PENDLETON, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, District Judge, Presiding

Argued and Submitted November 18, 2011
Pasadena, California

Before: W. FLETCHER and RAWLINSON, Circuit Judges, and MILLS, Senior
District Judge.**

Appellant Anthony Pendleton (Pendleton) appeals his sentence for

conspiracy to defraud the government by filing falsified tax returns. Pendleton

argues that the district court committed procedural error by imposing a sentence at

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Richard Mills, Senior District Judge for the U.S.
District Court for the Central District of Illinois, sitting by designation.

the high end of the Guidelines range because of Pendleton's purported failure to admit guilt and by failing to consider that Pendleton had suffered abuse as a child and had psychological issues. Pendleton also argues that the sentence was substantively unreasonable in light of the fraud guideline and his low risk of recidivism.

1.     The district court did not commit procedural error by considering Pendleton's failure to admit responsibility to explain why Pendleton was not entitled to a downward adjustment. *See United States v. Rosas*, 615 F.3d 1058, 1067 (9th Cir. 2010), *as amended*.

2.     The district court considered the evidence Pendleton submitted regarding his childhood abuse and psychiatric condition and sufficiently explained why it rejected Pendleton's argument that this evidence mandated a lower sentence. *See United States v. Apodaca*, 641 F.3d 1077, 1081 (9th Cir. 2011) ("[N]o lengthy explanation is necessary if the record makes it clear that the sentencing judge considered the evidence and arguments.") (citation omitted).

2

**3.**     Pendleton did not challenge the fraud guideline before the district court, and the district court therefore did not commit plain error in sentencing Pendleton under that guideline. *See United States v. Ayala-Nicanor*, 659 F.3d 744, 746-47 (9th Cir. 2011). Nor did the district court abuse its discretion. *See United States v. Carper*, 659 F.3d 923, 925 (9th Cir. 2011) (explaining that the district court is not obliged to "consider *sua sponte* whether it had discretion to make a downward variance . . .") (citation omitted).

**4.**     Nor did the district court impose a substantively unreasonable sentence because "the district court heard and considered [Pendleton]'s arguments, contemplated the § 3553(a) factors, and reached an informed conclusion regarding sentencing. . . ." *United States v. Overton*, 573 F.3d 679, 700 (9th Cir. 2009), *as amended*.

**AFFIRMED.**