FILED

MAY 24 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50310 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-00227-WQH-1 |
| v. | |
| CARMEN GUADALUPE OLIVA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted May 11, 2012[**]
Pasadena, California

Before: NOONAN and FISHER, Circuit Judges, and GRITZNER, Chief District
Judge.[***]

Carmen Guadalupe Oliva appeals from the 48-month sentence imposed by

the district court following her guilty-plea conviction for attempted illegal reentry

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable James E. Gritzner, Chief United States District Judge
for the Southern District of Iowa, sitting by designation.

after deportation, in violation of 8 U.S.C. § 1326. The district court's Sentencing Guidelines calculation included a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i) based upon a prior deportation subsequent to a drug trafficking conviction for which the sentence exceeded 13 months.

Oliva challenges her sentence on procedural grounds arguing the district court failed to *sua sponte* acknowledge its discretion to vary from the Guidelines based on a policy disagreement that the enhancement lacks an empirical basis and is not an accurate measure of the gravity of the underlying offense, and by failing to adequately explain the reasons for its sentence. Oliva also challenges the substantive reasonableness of the sentence.[1] As the facts and procedural history are familiar to the parties, we recite them here only to the extent necessary to explain our disposition. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court properly calculated the advisory Guidelines range, considered the parties' arguments and the factors under § 3553(a), and imposed a sentence that represented a 22-month downward variance from the bottom of the

---

[1] Oliva initially challenged her change of plea hearing on procedural grounds but has withdrawn that challenge. Accordingly, appellant's motion to strike filed December 29, 2011(ECF No. 15) and appellee's motions to include certified copy of recording filed December 22, 2011(ECF No. 10) and December 23, 2011 (ECF No. 12), are denied as moot.

advisory Guidelines range. *See United States v. Carty*, 520 F.3d 984, 991-93 (9th Cir. 2008) (en banc) (holding that "only a procedurally erroneous or substantively unreasonable sentence will be set aside" and that in approaching a sentencing proceeding the district court must first determine the properly calculated Guidelines range, give the parties an opportunity to present arguments regarding an appropriate sentence, and then consider the sentencing factors set forth in § 3553(a)). Contrary to Oliva's contentions, the district court adequately explained the basis for the sentence imposed and did not procedurally err, plain or otherwise, by not discussing its discretion to vary from the Guidelines based on policy grounds under *Kimbrough v. United States*, 552 U.S. 85, 109 (2007). *See Carty*, 520 F.3d at 993 (reviewing sentencing decisions for an abuse of discretion); *see also United States v. Carper*, 659 F.3d 923, 925 (9th Cir. 2011) ("The district court here gave no indication that it disagreed with [the Guidelines enhancement]. Therefore, [the defendant] was not prejudiced by the court's failure to consider *sua sponte* whether it had discretion to make a downward variance under *Kimbrough*.").

Finally, Oliva has not demonstrated that her sentence is substantively unreasonable. *See Carty*, 520 F.3d at 993. The district court considered that Oliva's predicate felony drug trafficking conviction that triggered the 16-level

enhancement was not remote in time; Oliva's extensive criminal history included several drug-trafficking and drug-related offenses; and Oliva attempted to illegally reenter the United States less than one year following her deportation after serving her sentence on the predicate drug-trafficking conviction. *Cf. United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1055 (9th Cir. 2009) ("[U]nder the circumstances of this case, it was unreasonable to adhere to the Guidelines sentence, with its full 16-level enhancement under § 2L1.2(b), because of the staleness of [the defendant]'s prior conviction and his subsequent history showing no convictions for harming others or committing other crimes listed in Section 2L1.2."). The district court granted a downward variance and substantiated the sentence noting that although it was higher than Oliva's previous sentence of 18 months for illegal reentry, the 48-month sentence nonetheless represented a significant variance from the Guidelines range and a lower sentence would not provide adequate deterrence and would have a tendency to promote unwarranted sentencing disparity when considering Oliva's prior criminal history. Thus, Oliva's below-Guidelines sentence is substantively reasonable.

**AFFIRMED.**