**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10349 |
| Plaintiff - Appellee, | D.C. No. 1:08-cr-00655-HG-1 |
| v. | |
| RYAN MATHERS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, Senior District Judge, Presiding

Submitted June 12, 2013[**]
Honolulu, Hawaii

Before: FARRIS, D.W. NELSON, and NGUYEN, Circuit Judges.

Ryan Mathers appeals his four-year prison sentence imposed after he pled

guilty to eleven counts relating to a conspiracy to export military-grade night-

vision goggles. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Mathers' first argument is that the district court misconstrued United States Sentencing Guidelines § 2M5.2, by calculating a base level of twenty-six instead of fourteen. We review de novo a district court's interpretation of the sentencing guidelines. *United States v. Kimbrew*, 406 F.3d 1149, 1151 (9th Cir. 2005). Mathers' argument is foreclosed by this Court's decision in *United States v. Carper*, where we held that the night-vision goggles at issue here do not fall within the definition of "non-fully automatic small arms," and therefore do not qualify for a base offense level of fourteen. 659 F.3d 923, 925 (9th Cir. 2011) (internal quotation marks removed) (quoting U.S.S.G. § 2M5.2(a)).

Mathers also contends that the district court abused its discretion when it chose not to disregard U.S.S.G. § 2M5.2. A district court has authority to depart from the sentencing guidelines when it considers the recommended sentence to be at odds with the law's purposes. *Kimbrough v. United States*, 552 U.S. 85, 111 (2007). "[A] district court commits procedural error when it fails to appreciate its *Kimbrough* discretion to vary from" the sentencing guidelines, *United States v. Henderson*, 649 F.3d 955, 964 (9th Cir. 2011). However, there is no obligation that a district court exercise its discretion and depart from the guidelines. *See Carper*, 659 F.3d at 925. The district court was aware of its ability to deviate from the guidelines, but chose not to do so. There was no abuse of discretion. *See id.*

Mathers' final argument is that his sentence is substantively unreasonable because it differs from similarly situated defendants. We will only overturn a sentence as substantively unreasonable if the district court abused its discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). "[T]he need to avoid unwarranted sentencing disparities is only one factor a district court is to consider in imposing a sentence." *United States v. Marcial-Santiago*, 447 F.3d 715, 719 (9th Cir. 2006). Even if we were to assume that the defendants in the cases cited by Mathers are similarly situated, the differences are not compelling enough to conclude that the district court abused its discretion when examined under the totality of the circumstances. *See Gall*, 552 U.S. at 51.

**AFFIRMED**.