**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50093 |
| Plaintiff-Appellee, | D.C. No. 8:14-cr-00014-CJC-1 |
| v. | |
| MICHAEL JAY STEWART, AKA Michael J. Stewart, AKA Mike Stewart, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted February 5, 2018
Pasadena, California

Before: CALLAHAN and NGUYEN, Circuit Judges, and PRATT,** District
Judge.

Defendant Michael Jay Stewart ("Stewart") appeals from his convictions and

sentences for eleven counts of mail fraud, arguing the district court: (1) failed to

properly instruct the jury, resulting in an unfair trial; (2) erred in interpreting a

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Robert W. Pratt, United States District Judge for the
Southern District of Iowa, sitting by designation.

sentencing enhancement and in determining the amount of loss under the enhancement; and (3) imposed an unreasonable sentence. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. Upon review, we affirm.

1. Stewart argues the district court erred in departing from the Ninth Circuit Model Jury Instructions in instructing the jury as to materiality and the intent required to convict him of mail fraud under an omissions theory of fraud. Assuming without deciding that Stewart preserved error with respect to his challenge to Instruction No. 15, Stewart's claim must fail even on de novo review. *See United States v. Pineda-Doval*, 614 F.3d 1019, 1025 (9th Cir. 2010).

The Government is not required to prove that a "scheme to defraud was reasonably calculated to deceive persons of ordinary prudence and comprehension." *United States v. Ciccone*, 219 F.3d 1078, 1083 (9th Cir. 2000). Moreover, Stewart's assertion that the reasonable-investor standard under the civil "bespeaks caution" doctrine should apply here is also without merit because that doctrine is inapplicable in the criminal context as the criminal fraud statutes do not require the Government to prove reliance. *See Neder v. United States*, 527 U.S. 1, 24–25 (1999).

Additionally, Stewart's challenges to Instructions Nos. 14 and 17 are waived. *See United States v. Kaplan*, 836 F.3d 1199, 1217 (9th Cir. 2016); *United States v. Cain*, 130 F.3d 381, 383–84 (9th Cir. 1997). However, even if these

16-50093

challenges are not waived, his claims fail because the disjunctive formulation of "intent to defraud" meaning "an intent to deceive or cheat" is included in our model instruction, which we have repeatedly approved. *See, e.g., United States v. Shipsey*, 363 F.3d 962, 967 (9th Cir. 2004).

2. Stewart claims the district court committed plain error in failing to instruct the jury that it must find Stewart had a fiduciary duty or other similar duty to disclose in order to convict him on an omissions theory of fraud. We recently examined a nearly identical claim and held the trial court had erred in failing to "instruct the jury that it must find a relationship creating a duty to disclose before it could conclude that a material non-disclosure supports a wire fraud charge."[1] *United States v. Shields*, 844 F.3d 819, 823 (9th Cir. 2016).

"A trial court commits plain error when (1) there is error, (2) that is plain [i.e., 'clear and obvious'], and (3) the error affects substantial rights [i.e., 'affects the outcome of the proceedings']." *Shields*, 844 F.3d at 823 (alterations in original) (quoting *United States v. Fuchs*, 218 F.3d 957, 962 (9th Cir. 2000). The Court "may exercise [its] discretion to notice such error, but only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Fuchs*, 218 F.3d at 962.

---

[1] "It is well settled that cases construing the mail fraud and wire fraud statutes are applicable to either." *Shipsey*, 363 F.3d at 971 n.10.

Because we evaluate the plainness of an error at the time of review rather than at the time the error was committed, *Henderson v. United States*, 568 U.S. 266, 271 (2013), we conclude the trial court clearly and obviously erred in not instructing the jury on the requirement of a duty to disclose, *see Shields*, 844 F.3d at 823. However, because the court's error did not affect Stewart's substantial rights or the outcome of the proceedings, his claim fails. *See id.* The record shows that, although the Government relied in part on an omissions theory of fraud, it by no means relied on that theory exclusively. Stewart made numerous false statements to investors both directly and indirectly to induce them to invest with his company Pacific Property Assets ("PPA"). Furthermore, the jury likely would have determined there was an informal, trusting relationship between Stewart and investors. *See id.* at 824.

Moreover, several of Stewart's representations to potential investors of the Opportunity Fund can be categorized as "half-truths"—statements that "state the truth only so far as it goes, while omitting critical qualifying information"—rather than pure omissions. *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 136 S. Ct. 1989, 2000 (2016). And in a case involving half-truths, the duty to disclose arises from the truth half-spoken, not from a separate duty. *See United States v. Lloyd*, 807 F.3d 1128, 1153 (9th Cir. 2015). Thus, the jury did not need to find a separate duty to disclose.

16-50093

3. Stewart asserts the cumulative effect of the alleged errors discussed above requires reversal of his conviction. For the reasons stated above, we conclude the Government's case against Stewart was not "weak" and there was overwhelming evidence of Stewart's guilt. *See United States v. Frederick*, 78 F.3d 1370, 1381 (9th Cir. 1996).

4. Stewart claims the district court incorrectly interpreted U.S.S.G. § 2B1.1(b)(2) when it failed to read a reasonable foreseeability requirement into the provision, which applies if the offense "*resulted in* substantial financial hardship to five or more victims." (Emphasis added.) Assuming without deciding that Stewart has preserved error with respect to this claim, we conclude that, even on de novo review, *see United States v. Carper*, 659 F.3d 923, 924 (9th Cir. 2011), the district court correctly interpreted and applied the four-level enhancement. At least five victims stated that they had lost either all or a large portion of their retirement funds or savings accounts or that the loss caused them to make substantial changes to their employment or living arrangements. *See* U.S.S.G. § 2B1.1 cmt. 4(F)(iii)–(v). Nothing in the plain language of either § 2B1.1(b)(2) itself or the accompanying commentary requires a district court to make a finding that the loss must be reasonably foreseeable. If the Sentencing Commission had intended for this to be a requirement, it would have said so explicitly. *See* U.S.S.G. § 2B1.1 cmt. 3(A)(i) (defining "[a]ctual loss" as "the reasonably

foreseeable pecuniary harm that resulted from the offense"). Nor can Stewart point to any case law that requires such a reading of the Guidelines provision.

5. We review de novo Stewart's claim that the district court incorrectly determined the amount of loss under U.S.S.G. § 2B1.1(b)(1) by including loss incurred beyond the statute of limitations. Stewart does not dispute that his conduct with regard to the prior offerings constitutes "relevant conduct." *See* U.S.S.G. § 1B1.3(a)(1). "[A] district court may consider as relevant conduct for sentencing purposes actions which may be barred from prosecution by the applicable statute of limitations." *United States v. Williams*, 217 F.3d 751, 754 (9th Cir. 2000). Thus, Stewart's claim fails.

Stewart also contends the district court applied the wrong standard of proof at the sentencing hearing[2] and relied on insufficient evidence to sustain its loss calculation. Because Stewart was not convicted of committing fraud with respect to any of PPA's prior offerings beyond a reasonable doubt, the district court should have employed a clear and convincing standard of proof in calculating the losses from those other offerings. *See United States v. Hymas*, 780 F.3d 1285, 1291 (9th Cir. 2015). But even assuming the court committed an error, any such error did

---

[2]    It is unclear from the record what standard of proof the district court actually applied in calculating the loss amount. It is clear, however, that Stewart did not object to the standard of proof; therefore, our review of this claim is for plain error. *See United States v. Armstead*, 552 F.3d 769, 776 (9th Cir. 2008).

not affect Stewart's substantial rights or seriously affect the outcome of the proceedings. *Fuchs*, 218 F.3d at 962. The record shows over $9 million in loss stems from the Opportunity Fund offering, of which Stewart was clearly convicted. The PSR calculated the total losses from the prior offerings, which also included the false balance sheet in their solicitation materials, at almost $4 million. Stewart did not dispute any of these amounts in the district court. These combined losses, totaling over $13 million, obviously exceeded the $9.5 million threshold for a twenty-level increase. *See* U.S.S.G. § 2B1.1(b)(1)(K). Furthermore, based on the evidence presented at trial, it was not clear error, *see United States v. Stargell*, 738 F.3d 1018, 1024 (9th Cir. 2013), for the district court to find that all of these losses were "reasonably foreseeable pecuniary harm that resulted from the offense," U.S.S.G. § 2B1.1 cmt. 3(A)(i).

6. Finally, Stewart argues the district court imposed a procedurally and substantively unreasonable sentence. We review reasonableness claims for abuse of discretion, *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc); however, to the extent Stewart alleges constitutional violations, we review de novo, *United States v. Guillen-Cervantes*, 748 F.3d 870, 872 (9th Cir. 2014).

Upon examination of the record, we conclude any alleged inconsistent statements made by the Government at Stewart's and his co-defendant's sentencing hearings regarding their respective culpability do not violate Stewart's

7

due process rights or otherwise render his sentence procedurally unreasonable. *See Carty*, 520 F.3d at 993; *Thompson v. Calderon*, 120 F.3d 1045, 1056 (9th Cir. 1997) (en banc), *rev'd on other grounds by Calderon v. Thompson*, 523 U.S. 538 (1998). Furthermore, the disparity between Stewart's and his co-defendant's sentences was warranted, and Stewart's sentence was not substantively unreasonable. *See United States v. Carter*, 560 F.3d 1107, 1121 (9th Cir. 2009); *United States v. Marcial-Santiago*, 447 F.3d 715, 719 (9th Cir. 2006); *United States v. Whitecotton*, 142 F.3d 1194, 1200 (9th Cir. 1998).

**AFFIRMED.**