NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>TRAVIS M. NEWBOLD,<br><br>Defendant-Appellant. | No. 19-30004<br><br>D.C. No.<br>4:17-cr-00328-BLW-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Submitted March 5, 2020[**]
Portland, Oregon

Before: McKEOWN and PAEZ, Circuit Judges, and HUCK,[***] District Judge.

Travis M. Newbold appeals from the district court's judgment and challenges

the 48–month sentence imposed following his conviction for importing and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Paul C. Huck, Senior United States District Judge for the U.S. District Court for Southern Florida, sitting by designation.

possessing anabolic steroids—a Schedule III controlled substance—in violation of 21 U.S.C. §§ 846, 952, and 960; 21 U.S.C. §§ 841(a)(1), (b)(1)(C); and 18 U.S.C. § 2. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

First, Newbold argues that his sentence is unreasonable because the district court abused its discretion in applying the unit conversion ratio in U.S.S.G. § 2D1.1(c), Note (F) ("Note (F)") over his objection that the ratio is not empirically based. The district court did not procedurally err because the record reflects that the court appreciated, albeit declined to exercise, its *Kimbrough*[1] discretion—that is, the district court acknowledged its authority to vary from the Guidelines on the basis of Newbold's policy argument that Note (F)'s ratio is not empirically based. *Cf. Spears v. United States*, 555 U.S. 261, 264–66 (2009) (clarifying that the point of *Kimbrough* was to recognize a district court's authority to vary from the Guidelines on the basis of a policy disagreement). The record also supports the district court's conclusion that Newbold did not present sufficient evidence to determine that Note (F)'s unit conversion ratio lacks an empirical basis. Further, the district court did not abuse its discretion in sentencing Newbold because, even if Note (F)'s unit conversion ratio lacks an empirical basis, the court was not obligated to reject or depart from the guideline; *Kimbrough* merely establishes a district court's discretion

---

[1] *Kimbrough v. United States*, 552 U.S. 85 (2007).

2

to do so. *See United States v. Carper*, 659 F.3d 923, 925 (9th Cir. 2011); *United States v. Henderson*, 649 F.3d 955, 964–65 (9th Cir. 2011). In light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors, we hold that Newbold's within-Guidelines sentence is substantively reasonable. *See Gall v. United States,* 552 U.S. 38, 51 (2007).

Second, Newbold argues that the district court misinterpreted Note (F) when it considered Newbold's bulk steroid powder to be "an anabolic steroid that is not in a pill, capsule, tablet, or liquid form." U.S.S.G. § 2D1.1(c), Note (F). We review this issue for plain error because Newbold did not raise it in the district court. *See United States v. Pelisamen*, 641 F.3d 399, 404 (9th Cir. 2011). We do not conclude that the district court committed an error so "obvious" when it considered bulk steroid powder to be "an anabolic steroid that is not in a pill, capsule, tablet, or liquid form." *See Johnson v. United States*, 520 U.S. 461, 467 (1997). The district court's interpretation comports with Note (F)'s plain text and the Sentencing Commission's commentary suggests that this provision of Note (F) was intended to encompass any form of anabolic steroids not in pill, capsule, tablet, or liquid form. *See U.S.S.G.* § 2D1.1(c), Note (F).

**AFFIRMED.**