NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 29 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-1772 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 2:20-CR-175-TLN |
| KRISTY LYNN FELKINS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted August 23, 2024**
San Francisco, California

Before: BERZON, BRESS, and VANDYKE, Circuit Judges.

After soliciting a hitman from a scam website called "Besa Mafia" and transferring the operators of that site about $5,000 as payment to kill her ex-husband, Kristy Felkins pleaded guilty without a plea agreement to one count of solicitation of murder-for-hire under 18 U.S.C. § 1958. Pursuant to U.S.S.G. §§ 2E1.4 and

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

2A1.5, the presentence report initially calculated her guideline sentencing range at 151 to 188 months, which was lowered to match the statutory maximum of 120 months. *See* 18 U.S.C. § 1958(a). Both the probation officer and the government recommended a below-guidelines sentence of 87 months. Felkins lodged several objections to the guidelines range, including that the court should disregard it on policy grounds, and requested a sentence of five years' supervised release with no imprisonment. The district court sentenced her to 60 months' imprisonment. Felkins appealed, arguing the district court erred procedurally by failing to (1) acknowledge its discretion to downwardly vary on policy grounds and (2) explain why it rejected her arguments. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"A district court may vary from the Guidelines if it disagrees with them on policy grounds and the Sentencing Commission fails to exercise its characteristic institutional role in their development." *United States v. Kabir*, 51 F.4th 820, 828 (9th Cir. 2022) (quoting *United States v. Carper*, 659 F.3d 923, 925 (9th Cir. 2011)). But such variances are discretionary, not mandatory, and "[a]ll that is required of a district court faced with policy arguments is an indication that it understood its authority to vary from the Guidelines on these grounds …." *Id.* "[R]eversal is not justified where the court reviews and listens to the defendant's arguments, states that it has reviewed the criteria set forth in § 3553(a), and then imposes a sentence,

explaining both the sentence and the justification for the decision." *United States v. Rangel*, 697 F.3d 795, 806 (9th Cir. 2012).

The district court here clearly satisfied these requirements during the sentencing hearing. It reviewed Felkins's policy arguments, briefly summarized them to ensure it understood them correctly, and confirmed with defense counsel that its characterization was correct. The court then stated it would consider the policy arguments during sentencing. It noted both the advisory nature of the guidelines and its obligation under § 3553(a) "to determine a sentence sufficient but not greater than necessary." Finally, the court rejected Felkins's request for a non-custodial sentence because in its view, "this [wa]s a case that d[id] call for some imprisonment." But it nevertheless granted a significant downward variance from the guidelines range and from the 87 months recommended by the probation officer and the government, and the court explained its reasons for doing so.

Felkins's contrary arguments do not show error. Her first argument—that the district court failed to appreciate its discretion to vary downward—is undercut by (1) the court's agreement with the government that it should consider the objections "as a request for a variance under 18 U.S.C. [§] 3553(a)," (2) its indication that it "w[ould] consider those arguments during the sentencing," and (3) its eventual decision to grant a very significant downward variance, one considerably greater than that recommended by the government and the probation officer. These facts

3

provide sufficient "indication that [the district court] understood its authority to vary from the Guidelines." *Kabir*, 51 F.4th at 828.

Felkins responds that the court "treated the Guidelines as mandatory" by "mak[ing] clear it was rejecting Ms. Felkins'[s] legal objection under *United States v. Temkin*, 797 F.3d 682 (9th Cir. 2015)." But that argument conflates Felkins's predicate objection to the presentence report's calculation of the guideline range, which she has not preserved in this appeal, with her subsequent policy-based argument for a variance, which is at issue here.

*Temkin* concerned only the former issue—the proper method of calculating the guideline range pursuant to U.S.S.G. § 2E1.4 and § 2A1.5—and concluded that a "district court commit[s] procedural error by failing to apply the cross-referencing provision in U.S.S.G. § 2E1.4(a)(2)." *Id.* at 695. Consistent with that view of *Temkin*, the district court "agree[d] … that the PSR properly calculated the defendant's base offense level" because "a defendant being sentenced for a [§] 1958 conviction should have an offense level set by [U.S.S.G. §] 2A1.5." It is thus sufficiently clear that the district court invoked *Temkin* to reject only Felkins's argument that the presentence report improperly calculated the guideline range, not her policy arguments for deviating from that range.

Felkins's second argument—that the district court failed to adequately explain its reasons for rejecting her policy arguments—rests on a faulty premise. The record

4

does not support the conclusion that the district court did, in fact, reject her claim. Instead, the district court *granted* a significant downward variance after indicating that it would take Felkins's policy arguments under advisement during sentencing. Thus, while Felkins is correct that a district court's discretion to reject a defendant's policy argument "does not mean that" it "is free to ignore it," *United States v. Henderson*, 649 F.3d 955, 964 (9th Cir. 2011), there is no indication here that the district court ignored her argument.

To survive appellate review, sentencing courts are not required to mechanically list every factor that influences their sentencing decision and describe in detail the exact manner in which such factors affect the sentence. As we have made clear, "[t]he district court need not tick off each of the § 3553(a) factors to show that it has considered them." *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Instead, the court "need only 'set forth enough to satisfy the appellate court that the district court considered the parties' arguments and had a reasoned basis for exercising its own legal decisionmaking authority.'" *United States v. Laurienti*, 731 F.3d 967, 975 (9th Cir. 2013) (quoting *United States v. Apodaca*, 641 F.3d 1077, 1081 (9th Cir. 2011)) (cleaned up). For the reasons explained above, the district court did so here.

**AFFIRMED.**